UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KYMBERLY C. ROCK,**

    **Plaintiff,**

v.                                                                                                Case No.  8:12-cv-2890-T-30AEP

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 5) and Defendant's Memorandum in Opposition (Dkt. 7).  The Court, having reviewed the motion, opposition, and being otherwise advised in the premises, concludes that the motion should be granted because Defendant's removal of the bad faith claim is premature.

## BACKGROUND

This bad faith case relates to an underlying action in the Circuit Court of the Sixth Judicial Circuit of the State of Florida, in and for Pinellas County (the "State Court Action), for UM benefits arising out of damages sustained by Plaintiff during a May 2007 automobile accident.

On June 21, 2012, a jury returned a verdict in Plaintiff's favor with respect to her UM claim in the amount of $226,115.91.  Subsequently, Defendant filed a motion to have the trial court limit the judgment to Plaintiff's $100,000 policy limit.  According to Defendant, the

trial court in the State Court Action has not entered an order on its pending motion to limit the judgment and a final judgment has not been entered on the UM claim.

On November 26, 2012, the trial court in the State Court Action issued an order granting Plaintiff's motion to amend complaint to add a bad faith claim against Defendant. On December 21, 2012, Defendant removed Plaintiff's bad faith claim to this Court. Plaintiff now moves to remand this action, arguing that Defendant's removal was untimely.

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *US. v. Rojas,* 429 F.3d 1317, 1320 (11th Cir. 2005). As a result, the removal statutes are strictly construed. *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999). The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001). And any doubts about jurisdiction should be resolved in favor of remand. *Univ. of S. Ala.,* 168 F.3d at 411.

As a threshold matter, subject matter jurisdiction exists under 28 U.S.C. § 1332. The parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Thus, the only real issue Plaintiff raises in her motion is whether Defendant satisfied the procedural requirements for removal. The removal statute, 28 U.S.C. § 1446(b), establishes two distinct removal periods. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010). The first applies where federal jurisdiction can be determined from the initial pleading. *See Love v. Prop. & Cas. Ins. Co. of Hartford*, 2010 WL 2836172, at *2 (M.D. Fla. July 16, 2010) (citing *Pretka*). The second applies where the initial pleading fails

to disclose sufficient grounds to support federal jurisdiction. *Id.* Both allow a 30-day window for removal. *Id.* The first window opens when the initial pleading is served. *Id.* The second window opens when the first document demonstrating that removal is proper is served. *Id.* In addition to the 30-day window, the statute imposes a one-year limitation on removal of diversity actions. *Id.* But that limitation period applies only to actions that are not initially removable and that are removed under the second window. *Carter v. Frito-Lay, Inc.,* 144 Fed. Appx. 815, 817 (11th Cir. 2005).

In *Lahey v. State Farm Mutual Automobile Insurance Co.*, the court addressed the same arguments raised by Plaintiff in this case and held that a bad faith claim is a cause of action separate and independent of the underlying UM claim. 2007 WL 2029334, at *1 (M.D. Fla. July 11, 2007). Although the Eleventh Circuit has not addressed the issue of whether a party may remove a bad faith claim which has been added to an underlying suit for UM benefits, the Court agrees that the court's conclusion in *Lahey* is well-grounded in Florida law.[1] *See, e.g., Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.,* 945 So. 2d 1216, 1235 (Fla. 2006) ("[A] claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform.") (quoting *Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So. 2d 1289, 1291 (Fla. 1991)). Indeed, a bad faith claim does not even accrue until the

---

[1] And this appears to be the majority opinion within the district courts of the Eleventh Circuit. *See Love*, 2010 WL 2836172, at *3 (listing district court opinions within the Eleventh Circuit holding that a bad faith cause of action is separately removable).

conclusion of the underlying UM case. *Blanchard,* 575 So. 2d at 1291 ("[A]n insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits.").

The Court also agrees with *Lahey* to the extent that the court held that the 30-day removal period would run from the date the trial court in the state court action granted the plaintiff's motion for leave to amend complaint (as opposed as from the date of the filing of the plaintiff's motion for leave to amend complaint). *See* 2007 WL 2029334, at *2.

Thus, the Court disagrees with Plaintiff's arguments in favor of remand. However, and although Plaintiff does not address this issue, the Court concludes that Defendant's removal was premature. As this Court noted in *Barnes v. Allstate Insurance Company*, 2010 WL 5439754, at *2-3 (M.D. Fla. Dec. 28, 2010), removal of a bad faith claim is premature if it is removed before the entry of a final judgment in the underlying case. *See also Jenkins v. Allstate Ins. Co.*, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008). In *Jenkins*, the court held that removal of a bad faith claim is premature if it is removed before the entry of a final judgment in the underlying case. 2008 WL 4934030, at *2. The court agreed with the reasoning in *Lahey* that a bad faith claim is separate and independent from the underlying UM claim, and is therefore removable. *Id.* at *2. However, the court in *Jenkins* granted a motion for remand because the removal of the bad faith claim was premature, in that the bad faith claim was removed within 30 days from the filing of the amended complaint adding the bad faith claim, but prior to the entry of a final judgment in the underlying action. *Id.* at *2-

3. The court noted that Florida law is clear that a bad faith claim does not accrue until the conclusion of the underlying claim. *Id.*

In this case, Defendant acknowledges that the bad faith claim has not accrued because the judgment on the UM claim is pending. (Dkt. 7 at n.2). Accordingly, this action must be remanded because the removal is premature. Notably, Defendant may remove the bad faith action after the final judgment is entered (assuming the final judgment is not appealed by either party). If the final judgment is appealed, the appellate process must be complete before the bad faith claim is ripe. *See Leitstein v. QBE Ins. Corp.*, 609 F. Supp. 2d 1311, 1312 (S.D. Fla. 2009) (citing *Romano v. Am. Cas. Co.*, 834 F.2d 968, 969-70 (11th Cir. 1987)); *see also Chalfonte Condo. Apartment Ass'n. v. QBE Ins. Corp.*, 2010 WL 3385982, at *2 (S.D. Fla. Aug. 30, 2010).

Finally, Plaintiff's request for attorney's fees is denied. Here, there is no basis for the Court to find that Defendant acted unreasonably or in bad faith in removing this case, particularly given the conflict in authority regarding removal of similar claims in this district.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 5) is granted for the reasons stated herein.
2. The Clerk is directed to remand this action to the Circuit Court of the Sixth Judicial Circuit of the State of Florida, in and for Pinellas County, and provide that court with a copy of this Order.

3.  The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 22, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2890.mtremand5.frm